UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| LINDA MARIE JOSLIN | : | |
| | : | |
| v. | : | C.A. No. 16-350-JJM |
| | : | |
| NANCY A. BERRYHILL, Acting | : | |
| Commissioner of the Social Security | : | |
| Administration | : | |

**REPORT AND RECOMMENDATION**

Lincoln D. Almond, United States Magistrate Judge

  This matter is before the Court for judicial review of a final decision of the Commissioner of the Social Security Administration ("Commissioner") denying Disability Insurance Benefits ("DIB") under the Social Security Act (the "Act"), 42 U.S.C. § 405(g). Plaintiff filed her Complaint on June 24, 2016 seeking to reverse the Decision of the Commissioner. On July 12, 2017, Plaintiff filed a Motion for Order Reversing the Decision of the Secretary and Judgment. (ECF Doc. No. 15). On October 12, 2017, the Commissioner filed a Motion for an Order Affirming the Decision of the Commissioner. (ECF Doc. No. 18). A Reply Brief was filed on October 26, 2017. (ECF Doc. No. 19).

  This matter has been referred to me for preliminary review, findings and recommended disposition. 28 U.S.C. § 636(b)(1)(B); LR Cv 72. Based upon my review of the record, the parties' submissions and independent research, I find that there is substantial evidence in this record to support the Commissioner's decision and findings that Plaintiff is not disabled within the meaning of the Act. Consequently, I recommend that Plaintiff's Motion for Reversal (ECF Doc. No. 15) be DENIED and that the Commissioner's Motion to Affirm (ECF Doc. No. 18) be GRANTED.

  **I. PROCEDURAL HISTORY**

  Plaintiff filed an application for DIB on August 5, 2013 alleging disability since May 21, 2013. (Tr. 13). The application was denied initially on February 6, 2014 and on reconsideration on June 19,

2014.  Id.  Plaintiff's date last insured is December 31, 2014.  Plaintiff requested an Administrative Hearing.  On December 19, 2014, a hearing was held before Administrative Law Judge Jason Mastrangelo (the "ALJ") at which time Plaintiff, represented by counsel, and a vocational expert ("VE") appeared and testified.  (Tr. 31-65).  The ALJ issued an unfavorable decision to Plaintiff on January 21, 2015.  (Tr. 10-30).  The Appeals Council denied Plaintiff's request for review on April 22, 2016.  (Tr. 1-4).  Therefore, the ALJ's decision became final.  A timely appeal was then filed with this Court.

**II.    THE PARTIES' POSITIONS**

Plaintiff argues that the ALJ should have given greater weight to a prior state disability determination and that the ALJ rendered a flawed credibility analysis and erred in crediting the opinions of non-examining consultants over her treating providers.  In her Reply, Plaintiff withdraws her argument that the ALJ erred by failing to adjudicate a pending Title 16 SSI application as "there does not appear to have been a Title 16 application filed in association with the instant matter."  (ECF Doc. No. 19 at p. 2).

The Commissioner disputes Plaintiff's claims and contends that the ALJ properly assessed Plaintiff's subjective symptom complaints and properly weighed the competing medical opinion evidence.  The Commissioner also asserts that the ALJ properly considered Plaintiff's receipt of state disability benefits.

**III.   THE STANDARD OF REVIEW**

The Commissioner's findings of fact are conclusive if supported by substantial evidence.  42 U.S.C. § 405(g).  Substantial evidence is more than a scintilla – i.e., the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion.  Ortiz v. Sec'y of Health and Human Servs., 955 F.2d 765, 769 (1st Cir. 1991) (per curiam); Rodriguez v. Sec'y of Health and Human Servs., 647 F.2d 218, 222 (1st Cir. 1981).

Where the Commissioner's decision is supported by substantial evidence, the court must affirm, even if the court would have reached a contrary result as finder of fact.  Rodriguez Pagan v. Sec'y of

Health and Human Servs., 819 F.2d 1, 3 (1st Cir. 1987); Barnes v. Sullivan, 932 F.2d 1356, 1358 (11th Cir. 1991). The court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. Frustaglia v. Sec'y of Health and Human Servs., 829 F.2d 192, 195 (1st Cir. 1987); Parker v. Bowen, 793 F.2d 1177 (11th Cir. 1986) (court also must consider evidence detracting from evidence on which Commissioner relied).

The court must reverse the ALJ's decision on plenary review, however, if the ALJ applies incorrect law, or if the ALJ fails to provide the court with sufficient reasoning to determine that he or she properly applied the law. Nguyen v. Chater, 172 F.3d 31, 35 (1st Cir. 1999) (per curiam); accord Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991). Remand is unnecessary where all of the essential evidence was before the Appeals Council when it denied review, and the evidence establishes without any doubt that the claimant was disabled. Seavey v. Barnhart, 276 F.3d 1, 11 (1st Cir. 2001) citing, Mowery v. Heckler, 771 F.2d 966, 973 (6th Cir. 1985).

The court may remand a case to the Commissioner for a rehearing under sentence four of 42 U.S.C. § 405(g); under sentence six of 42 U.S.C. § 405(g); or under both sentences. Seavey, 276 F.3d at 8. To remand under sentence four, the court must either find that the Commissioner's decision is not supported by substantial evidence, or that the Commissioner incorrectly applied the law relevant to the disability claim. Id.; accord Brenem v. Harris, 621 F.2d 688, 690 (5th Cir. 1980) (remand appropriate where record was insufficient to affirm, but also was insufficient for district court to find claimant disabled).

Where the court cannot discern the basis for the Commissioner's decision, a sentence-four remand may be appropriate to allow her to explain the basis for her decision. Freeman v. Barnhart, 274 F.3d 606, 609-610 (1st Cir. 2001). On remand under sentence four, the ALJ should review the case on a complete record, including any new material evidence. Diorio v. Heckler, 721 F.2d 726, 729 (11th Cir. 1983) (necessary for ALJ on remand to consider psychiatric report tendered to Appeals Council). After a

sentence four remand, the court enters a final and appealable judgment immediately, and thus loses jurisdiction. Freeman, 274 F.3d at 610.

In contrast, sentence six of 42 U.S.C. § 405(g) provides:

> The court...may at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding;

42 U.S.C. § 405(g). To remand under sentence six, the claimant must establish: (1) that there is new, non-cumulative evidence; (2) that the evidence is material, relevant and probative so that there is a reasonable possibility that it would change the administrative result; and (3) there is good cause for failure to submit the evidence at the administrative level. See Jackson v. Chater, 99 F.3d 1086, 1090-1092 (11th Cir. 1996).

A sentence six remand may be warranted, even in the absence of an error by the Commissioner, if new, material evidence becomes available to the claimant. Id. With a sentence six remand, the parties must return to the court after remand to file modified findings of fact. Id. The court retains jurisdiction pending remand, and does not enter a final judgment until after the completion of remand proceedings. Id.

**IV.  THE LAW**

The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 416(i), 423(d)(1); 20 C.F.R. § 404.1505. The impairment must be severe, making the claimant unable to do her previous work, or any other substantial gainful activity which exists in the national economy. 42 U.S.C. § 423(d)(2); 20 C.F.R. §§ 404.1505-404.1511.

**A.  Treating Physicians**

Substantial weight should be given to the opinion, diagnosis and medical evidence of a treating physician unless there is good cause to do otherwise. See Rohrberg v. Apfel, 26 F. Supp. 2d 303, 311 (D. Mass. 1998); 20 C.F.R. § 404.1527(d). If a treating physician's opinion on the nature and severity of a claimant's impairments, is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in the record, the ALJ must give it controlling weight. 20 C.F.R. § 404.1527(d)(2). The ALJ may discount a treating physician's opinion or report regarding an inability to work if it is unsupported by objective medical evidence or is wholly conclusory. See Keating v. Sec'y of Health and Human Servs., 848 F.2d 271, 275-276 (1st Cir. 1988).

Where a treating physician has merely made conclusory statements, the ALJ may afford them such weight as is supported by clinical or laboratory findings and other consistent evidence of a claimant's impairments. See Wheeler v. Heckler, 784 F.2d 1073, 1075 (11th Cir. 1986). When a treating physician's opinion does not warrant controlling weight, the ALJ must nevertheless weigh the medical opinion based on the (1) length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship; (3) the medical evidence supporting the opinion; (4) consistency with the record as a whole; (5) specialization in the medical conditions at issue; and (6) other factors which tend to support or contradict the opinion. 20 C.F.R § 404.1527©. However, a treating physician's opinion is generally entitled to more weight than a consulting physician's opinion. See 20 C.F.R. § 404.1527(c)(2).

The ALJ is required to review all of the medical findings and other evidence that support a medical source's statement that a claimant is disabled. However, the ALJ is responsible for making the ultimate determination about whether a claimant meets the statutory definition of disability. 20 C.F.R. § 404.1527(e). The ALJ is not required to give any special significance to the status of a physician as treating or non-treating in weighing an opinion on whether the claimant meets a listed impairment, a claimant's residual functional capacity (see 20 C.F.R. §§ 404.1545 and 404.1546), or the application of

vocational factors because that ultimate determination is the province of the Commissioner. 20 C.F.R. § 404.1527(e). See also Dudley v. Sec'y of Health and Human Servs., 816 F.2d 792, 794 (1st Cir. 1987).

### B. Developing the Record

The ALJ has a duty to fully and fairly develop the record. Heggarty v. Sullivan, 947 F.2d 990, 997 (1st Cir. 1991). The Commissioner also has a duty to notify a claimant of the statutory right to retained counsel at the social security hearing, and to solicit a knowing and voluntary waiver of that right if counsel is not retained. See 42 U.S.C. § 406; Evangelista v. Sec'y of Health and Human Servs., 826 F.2d 136, 142 (1st Cir. 1987). The obligation to fully and fairly develop the record exists if a claimant has waived the right to retained counsel, and even if the claimant is represented by counsel. Id. However, where an unrepresented claimant has not waived the right to retained counsel, the ALJ's obligation to develop a full and fair record rises to a special duty. See Heggarty, 947 F.2d at 997, citing Currier v. Sec'y of Health Educ. and Welfare, 612 F.2d 594, 598 (1st Cir. 1980).

### C. Medical Tests and Examinations

The ALJ is required to order additional medical tests and exams only when a claimant's medical sources do not give sufficient medical evidence about an impairment to determine whether the claimant is disabled. 20 C.F.R. § 416.917; see also Conley v. Bowen, 781 F.2d 143, 146 (8th Cir. 1986). In fulfilling his duty to conduct a full and fair inquiry, the ALJ is not required to order a consultative examination unless the record establishes that such an examination is necessary to enable the ALJ to render an informed decision. Carrillo Marin v. Sec'y of Health and Human Servs., 758 F.2d 14, 17 (1st Cir. 1985).

### D. The Five-step Evaluation

The ALJ must follow five steps in evaluating a claim of disability. See 20 C.F.R. §§ 404.1520, 416.920. First, if a claimant is working at a substantial gainful activity, she is not disabled. 20 C.F.R. § 404.1520(b). Second, if a claimant does not have any impairment or combination of impairments which significantly limit her physical or mental ability to do basic work activities, then she does not have a severe impairment and is not disabled. 20 C.F.R. § 404.1520(c). Third, if a claimant's impairments meet

or equal an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1, she is disabled. 20 C.F.R. § 404.1520(d). Fourth, if a claimant's impairments do not prevent her from doing past relevant work, she is not disabled. 20 C.F.R. § 404.1520(e). Fifth, if a claimant's impairments (considering her residual functional capacity, age, education, and past work) prevent her from doing other work that exists in the national economy, then she is disabled. 20 C.F.R. § 404.1520(f). Significantly, the claimant bears the burden of proof at steps one through four, but the Commissioner bears the burden at step five. Wells v. Barnhart, 267 F. Supp. 2d 138, 144 (D. Mass. 2003) (five-step process applies to both SSDI and SSI claims).

In determining whether a claimant's physical and mental impairments are sufficiently severe, the ALJ must consider the combined effect of all of the claimant's impairments, and must consider any medically severe combination of impairments throughout the disability determination process. 42 U.S.C. § 423(d)(2)(B). Accordingly, the ALJ must make specific and well-articulated findings as to the effect of a combination of impairments when determining whether an individual is disabled. Davis v. Shalala, 985 F.2d 528, 534 (11th Cir. 1993).

The claimant bears the ultimate burden of proving the existence of a disability as defined by the Social Security Act. Seavey, 276 F.3d at 5. The claimant must prove disability on or before the last day of her insured status for the purposes of disability benefits. Deblois v. Sec'y of Health and Human Servs., 686 F.2d 76 (1st Cir. 1982), 42 U.S.C. §§ 416(i)(3), 423(a), (c). If a claimant becomes disabled after she has lost insured status, her claim for disability benefits must be denied despite her disability. Id.

### E. Other Work

Once the ALJ finds that a claimant cannot return to her prior work, the burden of proof shifts to the Commissioner to establish that the claimant could perform other work that exists in the national economy. Seavey, 276 F.3d at 5. In determining whether the Commissioner has met this burden, the ALJ must develop a full record regarding the vocational opportunities available to a claimant. Allen v. Sullivan, 880 F.2d 1200, 1201 (11th Cir. 1989). This burden may sometimes be met through exclusive

reliance on the Medical-Vocational Guidelines (the "grids"). Seavey, 276 F.3d at 5. Exclusive reliance on the "grids" is appropriate where the claimant suffers primarily from an exertional impairment, without significant non-exertional factors. Id.; see also Heckler v. Campbell, 461 U.S. 458, 103 S. Ct. 1952, 76 L.Ed.2d 66 (1983) (exclusive reliance on the grids is appropriate in cases involving only exertional impairments, impairments which place limits on an individual's ability to meet job strength requirements).

Exclusive reliance is not appropriate when a claimant is unable to perform a full range of work at a given residual functional level or when a claimant has a non-exertional impairment that significantly limits basic work skills. Nguyen, 172 F.3d at 36. In almost all of such cases, the Commissioner's burden can be met only through the use of a vocational expert. Heggarty, 947 F.2d at 996. It is only when the claimant can clearly do unlimited types of work at a given residual functional level that it is unnecessary to call a vocational expert to establish whether the claimant can perform work which exists in the national economy. See Ferguson v. Schweiker, 641 F.2d 243, 248 (5th Cir. 1981). In any event, the ALJ must make a specific finding as to whether the non-exertional limitations are severe enough to preclude a wide range of employment at the given work capacity level indicated by the exertional limitations.

**1.    Pain**

"Pain can constitute a significant non-exertional impairment." Nguyen, 172 F.3d at 36. Congress has determined that a claimant will not be considered disabled unless he furnishes medical and other evidence (e.g., medical signs and laboratory findings) showing the existence of a medical impairment which could reasonably be expected to produce the pain or symptoms alleged. 42 U.S.C. § 423(d)(5)(A). The ALJ must consider all of a claimant's statements about his symptoms, including pain, and determine the extent to which the symptoms can reasonably be accepted as consistent with the objective medical evidence. 20 C.F.R. § 404.1528. In determining whether the medical signs and laboratory findings show medical impairments which reasonably could be expected to produce the pain alleged, the ALJ must apply the First Circuit's six-part pain analysis and consider the following factors:

>(1) The nature, location, onset, duration, frequency, radiation, and intensity of any pain;
>
>(2) Precipitating and aggravating factors (e.g., movement, activity, environmental conditions);
>
>(3) Type, dosage, effectiveness, and adverse side-effects of any pain medication;
>
>(4) Treatment, other than medication, for relief of pain;
>
>(5) Functional restrictions; and
>
>(6) The claimant's daily activities.

Avery v. Sec'y of Health and Human Servs., 797 F.2d 19, 29 (1st Cir. 1986). An individual's statement as to pain is not, by itself, conclusive of disability. 42 U.S.C. § 423(d)(5)(A).

### 2. Credibility

Where an ALJ decides not to credit a claimant's testimony about pain, the ALJ must articulate specific and adequate reasons for doing so, or the record must be obvious as to the credibility finding. Rohrberg, 26 F. Supp. 2d at 309. A reviewing court will not disturb a clearly articulated credibility finding with substantial supporting evidence in the record. See Frustaglia, 829 F.2d at 195. The failure to articulate the reasons for discrediting subjective pain testimony requires that the testimony be accepted as true. See DaRosa v. Sec'y of Health and Human Servs., 803 F.2d 24 (1st Cir. 1986).

A lack of a sufficiently explicit credibility finding becomes a ground for remand when credibility is critical to the outcome of the case. See Smallwood v. Schweiker, 681 F.2d 1349, 1352 (11th Cir. 1982). If proof of disability is based on subjective evidence and a credibility determination is, therefore, critical to the decision, "the ALJ must either explicitly discredit such testimony or the implication must be so clear as to amount to a specific credibility finding." Foote v. Chater, 67 F.3d 1553, 1562 (11th Cir. 1995) (quoting Tieniber v. Heckler, 720 F.2d 1251, 1255 (11th Cir. 1983)).

### V. APPLICATION AND ANALYSIS

#### A. The ALJ's Decision

The ALJ decided this case adverse to Plaintiff at Step 5. At Step 2, the ALJ found that Plaintiff's bilateral thumb osteoarthritis, degenerative disc disease and affective/anxiety disorders, were "severe" impairments as defined in 20 C.F.R. § 404.1520(c). (Tr. 15). However, at Step 3, the ALJ concluded that Plaintiff's impairments did not meet or medically equal any of the Listings. (Tr. 17). As to RFC, the ALJ determined that Plaintiff was able to perform a fairly limited range of light work. (Tr. 19). At Step 4, the ALJ concluded that Plaintiff could not perform her past factory work but found at Step 5 that she could perform the requirements of certain light, unskilled jobs identified by the VE. (Tr. 24-25). Thus, the ALJ held that Plaintiff was not disabled at any time from her claimed onset date, May 21, 2013, through her date last insured, December 31, 2014. Id.

### B. Collateral Estoppel

The record contains an Administrative Hearing Decision dated May 28, 2013 issued by the State of Rhode Island Health and Human Services Appeals Office. (Exh. B1D) (the "HHS Decision"). The HHS Decision found that Plaintiff was disabled for the purpose of receiving benefits under the Medical Assistance Program. Id.

Plaintiff argues that "collateral estoppel applies and weighs heavily in [her] favor." (ECF Doc. No. 15-1 at p. 6). While Plaintiff does not argue that the HHS Decision was binding on the ALJ, she argues that the ALJ erred by failing to explain the weight he assigned to the Decision or to provide any discussion as to the merits of such Decision.

Plaintiff's argument is legally unsupported. She cites no supporting legal authority in the Social Security context.[1] In addition, the applicable regulations make clear that decisions such as this HHS Decision are not binding on the Social Security Administration. See 20 C.F.R. § 404.1504.

---

[1] Plaintiff cites a single Connecticut state court decision (Scalzo v. Danbury, 617 A.2d 440 (Conn. 1992)) which discusses the legal principles of res judicata and collateral estoppel in a general fashion. The decision offers no direct support for Plaintiff's position here.

Further, contrary to Plaintiff's argument, the ALJ did give "due consideration" to the HHS Decision. The ALJ made clear that he gave "little weight" to the HHS Decision and he clearly explained why. The ALJ explained as follows:

> The Rhode Island state decision is dated April 25, 2013, prior to the alleged onset date in the matter presently under consideration. Therefore, it does not address the period currently under consideration, nor was any evidence from the applicable time period reviewed. Finally, the finding of disability made by the state of Rhode Island is inconsistent with the evidence of record, as described throughout this decision.

(Tr. 24). The HHS Decision is not binding in this case, and Plaintiff has shown no error in the ALJ's evaluation of the prior HHS decision.

### C. Plaintiff Has Shown No Error in the ALJ's Credibility Analysis

Plaintiff argues that the ALJ's credibility analysis is "flawed" both as to his assessment of her claimed symptoms/limitations and his assessment of the treating source opinions. Plaintiff contends that the ALJ "failed adequately to credit [her] testimony or the evidence of record supportive of her severe limitations" and that "the record is replete with opinions of examining and treating sources who are more reliable than non-examining, non-treating agency sources." (ECF Doc. No. 15-1 at p. 16).

First, Plaintiff takes issue with the ALJ's evaluation of Dr. Hubbard's December 3, 2014 opinion. (See Exh. B17F). In the opinion, Dr. Hubbard, a treating hand surgeon, indicated that Plaintiff could not do any lifting, carrying or repetitive work with her left hand. (Tr. 834). Based on the opinions of Dr. Callaghan and Dr. Bancoff (Exh. B2A and B4A), the ALJ rejected the extreme left upper extremity limitations proposed by Dr. Hubbard. (Tr. 21-22). The ALJ explained that the opinions of Dr. Callaghan and Dr. Bancoff were entitled to substantial weight because they are supported by the relatively mild abnormalities found in physical examinations and diagnostic testing, as well as the post-surgery progress noted in the records. (Tr. 21).

Dr. Callaghan rendered his opinion based on the medical records as of November 25, 2013 (Tr. 155) and Dr. Bancoff affirmed that opinion after reviewing the record as of June 17, 2014. (Tr. 174).

These opinions conflict with Dr. Hubbard's subsequent opinion rendered on December 3, 2014. (Exh. B17F). Generally, it is the ALJ's prerogative to resolve evidentiary conflicts. See e.g., Seavey v. Barnhart, 276 F.3d 1, 10 (1st Cir. 2001). Further, an ALJ "may reject a treating physician's opinion as controlling if it is inconsistent with other substantial evidence in the record, even if that evidence consists of reports from non-treating doctors." Castro v. Barnhart, 198 F. Supp. 2d 47, 54 (D. Mass. 2002). Thus, the question presented is whether the ALJ erred by doing so in this particular case.

Dr. Hubbard's early 2014 treatment notes indicate that Plaintiff has "gone on to do well with little pain" and is "making satisfactory progress." (Tr. 830). The treatment notes indicate the onset of increased pain in mid-2014 that ultimately was diagnosed as left basal joint arthritis. (Tr. 831-832). Plaintiff underwent outpatient surgery on her left thumb basal joint on October 28, 2014. (Tr. 832). On November 5, 2014, Dr. Hubbard's notes indicate that Plaintiff has "gone on to do well with little pain" with "good range of motion." (Tr. 833). Plaintiff was noted to be making "satisfactory progress." Id. Dr. Hubbard reported a similar assessment on December 3, 2014 when the pin was removed and Plaintiff was referred to start a therapy program. Id.

The ALJ gave several well-supported reasons for discounting the weight given to Dr. Hubbard's opinion. (Tr. 22). First, the ALJ noted that the only support provided was that Plaintiff was status-post left thumb surgery. Id. Second, Dr. Hubbard's treatment notes noted satisfactory progress post-surgery and a referral to therapy. Id. Finally, the ALJ accurately observes that there is nothing in either Dr. Hubbard's treatment notes or medical opinion that would support a complete inability to use the left upper extremity, or at least a restriction lasting for the required twelve months. Id. In the end, the ALJ's reasons for discounting the weight given to Dr. Hubbard's opinion are fully supported by the record and entitled to due deference. "The ALJ's resolution of evidentiary conflicts must be upheld if supported by substantial evidence, even if contrary results might have been tenable also." Benetti v. Barnhart, 193 Fed. Appx. 6, 2006 WL 2555972 (1st Cir. Sept. 6, 2006) (per curiam) (citing Rodriguez Pagan v. Sec'y of HHS, 819 F.2d 1 (1st Cir. 1987)). In other words, the issue presented is not whether this Court would

have found Plaintiff's hand impairments to be disabling but whether the record contains sufficient support for the ALJ's RFC finding. Since Plaintiff has shown no error in the ALJ's evaluation of Dr. Hubbard's opinion, there is no basis for reversal and remand of this disability benefits denial.

Plaintiff also takes issue with the ALJ's evaluation of her fibromyalgia. (ECF Doc. No. 15-1 at pp. 11-12). She contends that it was error to disregard her subjective complaints of pain "simply because the diagnosis of fibromyalgia…was unsupported by a description of specific tender points." Id. Plaintiff mischaracterizes the ALJ's reasoning. The ALJ did not reach such a sweeping conclusion. The ALJ did, consistent with Social Security Ruling 12-2p, observe that the record does not contain a sufficient "description of the requisite number or location of…tender trigger points to support a diagnosis of fibromyalgia." (Tr. 21). While the ALJ did not fully credit Plaintiff's claimed pain symptoms and limitations, he did so for a variety of reasons articulated in his decision and not simply because the record does not support a formal diagnosis of fibromyalgia. Plaintiff has shown no error in this regard.

Finally, Plaintiff faults the ALJ's assessment of her mental limitations. The ALJ assessed several mental limitations in his RFC determination as follows:

> The claimant could maintain attention, concentration, persistence and pace sufficient to understand, remember and carry out only simple routine, repetitive tasks and instructions in two-hour periods with normal work breaks. She could maintain occasional interaction with the general public. The claimant could tolerate only simple, routine changes in a work setting.

(Tr. 19). The ALJ based his RFC assessment primarily on the consulting psychologist opinions of Dr. Jacobson and Dr. Clifford. (Tr. 23). In addition, the ALJ accurately observed that "[n]o treating, examining or reviewing psychiatrist, psychologist or physician of record assessed specific work-related mental limitations that would preclude an ability to engage in substantial gainful activity." (Tr. 22). Both Dr. Jacobson and Dr. Clifford opined that Plaintiff was moderately limited in the ability to complete a normal workday and workweek without interruptions from psychologically-based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods. (Tr. 162, 177). They explained that Plaintiff is able to sustain attention for simple, repetitive tasks for extended periods of

two-hour segments in an eight-hour day, and to complete a normal workweek and maintain pace with "occasional absences/disruptions due to psychological symptoms, but not at a frequency to preclude sustaining basic work activities." Id. (emphasis added).

Despite the qualifier that such absences/disruptions would not be at a level to preclude sustained work, the ALJ exercised his discretion to reject that portion of the opinions of Dr. Jacobson and Dr. Clifford. (Tr. 23). The ALJ explained that he did not find it to be supported since it was inconsistent with findings on mental status exams and relates to vocational factors beyond the expertise of the medical sources. Id. Plaintiff has shown no error in this conclusion or any other opinions or evidence of record directly supporting this limitation. Further, even if the ALJ committed error in this regard, Plaintiff has not shown that it would have affected the outcome. As noted above, the consulting psychologists both made clear that the occasional absences/disruptions would not be frequent enough to preclude sustained work. While Plaintiff's counsel asked the VE generally about the typical tolerance of employers for absenteeism or being off-task (Tr. 63-64), there is nothing in the record indicating that the frequency suggested by the consulting psychologists exceeded those tolerances.[2]

**CONCLUSION**

For the reasons discussed herein, I recommend that Plaintiff's Motion for Reversal (ECF Doc. No. 15) be DENIED and that Defendant's Motion to Affirm (ECF Doc. No. 18) be GRANTED. Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of the Court within fourteen days of its receipt. See Fed. R. Civ. P. 72(b); LR Cv 72. Failure to file specific objections in a timely manner constitutes waiver of the right to review by the District Court and the right to appeal the District Court's decision. See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

---

[2] Plaintiff also claims that the ALJ erred by describing a GAF score of 51 as indicating only "mild to moderate symptoms." (Tr. 23). Plaintiff, however, concedes that GAF scores are of "limited utility." (ECF Doc. No. 15-1 at p. 12). In addition, it is undisputed that a GAF score of 51 does encompass moderate symptoms. Reviewing the ALJ's decision in its entirety, the Court concludes that the "mild to moderate" statement is merely a scrivener's error and does not warrant reversal and remand in these circumstances.

/s/ Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
November 6, 2017